UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| HOME OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:11-cv-517 |
| v. | ) ) | Honorable Robert Holmes Bell |
| RONALD MOFFITT, et al., | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION** |
| _____ | ) | |

This is an action on a homeowner's insurance policy.  Although the case began as an interpleader action by the insurance company in state court, it has gained significant complexity since its removal to this court.  In essence, defendants seek to recover against plaintiff Home Owners Insurance on a homeowner's policy covering real property in VanBuren County that was destroyed by fire.  The insurance company is defending on several grounds, including the assertion that the named insureds -- Ronald and Cathleen Moffitt -- had no insurable interest in the real estate.  The insurance company also seeks rescission on the ground of misrepresentation.  Defendants have asked for reformation of the policy to show defendant A&P Enterprises as the insured, on the basis of mutual mistake of fact.  They have also alleged a breach of contract claim against the insurance company to recover  the proceeds of the policy.  Defendants have filed a third-party complaint against the insurance agency that placed the policy, charging negligence for failure to place the policy in the name of the appropriate insured.  The federal and state Departments of Treasury were

named as parties only because they have asserted tax liens against the real estate and therefore claim priority with regard to any proceeds of the insurance policy.

Presently pending before the court is defendants' motion to amend the case management order (docket # 150). The subject matter of the motion is the amendment to the case management order (docket # 148) which, like the two previous case management orders entered in this case, scheduled this matter for a non-jury trial. Defendants' motion seeks amendment of the case management order to reflect that all claims and defenses will be tried to a jury. The basis of defendants' motion for a jury trial is a jury demand contained in defendants' amended counterclaim and third-party complaint (docket # 61) filed on November 8, 2011, six months after this case was initiated. Plaintiff opposes the motion, contending that defendants' failure to seek a jury trial in their original answer, their original counterclaim, and their answer to the amended complaint represented a waiver of the right to trial by jury as to all issues raised in those pleadings. Plaintiff also argues that certain claims are equitable in nature and therefore not triable to a jury, regardless of any waiver. The United States also opposes the motion. Defendants have filed a reply brief, asserting that they have a Seventh Amendment right to jury trial on all issues in this case, regardless of their failure to demand a jury trial until the filing of their amended counterclaim and third-party complaint.

Upon review of the record, I conclude that defendants have waived their right to trial by jury, except for the claims first raised in the amended counterclaim and third-party complaint. Furthermore, defendants have no right to a jury trial on count 1 of their amended counterclaim, seeking reformation of the contract, as this cause of action is exclusively equitable, or on claims against the United States.

-2-

## Findings of Fact

Resolution of defendants' motion requires a careful review of the pleadings and other documents filed in this case.

1.      On April 6, 2011, plaintiff Home Owners Insurance Company filed a complaint in the VanBuren County Circuit Court naming as defendants Ronald Moffitt, Cathleen Moffitt, A&P Enterprises, and the federal and state Departments of Treasury.  (Compl., docket # 1, attach. 1).  This complaint alleged an interpleader claim:  plaintiff sought an adjudication of the entitlement to proceeds of a fire insurance policy on real estate located at 68298 52nd Street, Lawrence, Michigan, which had been extensively damaged by fire on December 20, 2010.  The original complaint asserted no defense to the claim under the insurance policy, but merely sought to pay the full amount of insurance proceeds into the registry of the court, so that the court could adjudicate the conflicting claims of those persons and governmental entities asserting an interest in the proceeds.  No jury was demanded.

2.      On May 19, 2011, defendant United States Department of Treasury removed the case to this court pursuant to 28 U.S.C. §§ 1444 and 2410, which allow the United States to be named as a defendant in any civil action involving real property in which the United States has a lien and further allow removal of such an action to the district court.

3.      On July 18, 2011, the United States Department of Treasury filed an answer to the complaint.  (docket # 15).  No jury was demanded.

4.      On the same day, defendants filed an answer (docket # 16).  No jury was demanded.  They also filed a counterclaim (docket # 17).  The counterclaim sought reformation of the insurance contract to show that defendant A&P Enterprises, and not the Moffitts, is the named

insured.  In addition, the counterclaim alleged breach of contract, asserting that Home Owners

Insurance Company had underpaid defendants under the policy and demanding a money judgment.

NO JURY WAS DEMANDED.

     5.    On August 8, 2011, Home Owners filed an answer to defendants'

counterclaim.  (docket # 20).  No jury was demanded.

     6.    On August 8, 2011, plaintiff filed a first amended complaint.  (docket # 19).

In this document, Home Owners for the first time abandoned its neutral position concerning

defendants' ability to collect under the policy.  Count 1 of the first amended complaint alleges a

claim for rescission on the basis of misrepresentation.  Count 2 alleges a claim for unjust enrichment,

to recover insurance proceeds previously paid to the Moffitts.  Count 3 repeats the interpleader claim

asserted in the original complaint.  No jury was demanded.

     7.    On August 22, 2011, the United States answered the amended complaint.

(docket # 22).  No jury was demanded.

     8.    Defendant Michigan State Department of Treasury answered the amended

complaint on October 22, 2011.  (docket # 30).  No jury was demanded.

     9.    On August 23, 2011, defendants filed their answer to plaintiff's amended

complaint.  (docket # 23).  NO JURY WAS DEMANDED.

     10.    The court scheduled a case management conference pursuant to Fed. R. Civ.

P. 16.  In preparation for the conference, the court issued an order requiring the parties to submit a

joint status report addressing a number of issues.  On October 4, 2011, the parties filed a joint status

report.  (docket # 27).  Paragraph 2 of the Joint Status Report addressed the type of trial as follows:

"This case is to be tried to the court as trier of law and fact." The joint status report was signed by all counsel of record, including defense counsel.

11.     On October 13, 2011, the court issued its case management order. (docket # 31). As no jury had been demanded by any party, and the parties had affirmatively elected a non-jury trial in their Joint Status Report, the court scheduled the matter for non-jury trial.

12.     On November 4, 2011, defendants moved for leave to file an amended counterclaim and to add as third-party defendants the agents involved in the placement of the insurance (Marvin Okun Agency, Marvin Okun, and Troy Seaver, hereafter referred to as the "Agency Defendants"). The motion (docket # 55) also sought leave to file a jury demand. All opposing parties consented to the filing of the amended counterclaim and third-party complaint. The court therefore granted leave to file the amended pleading.

13.     On November 8, 2011, defendants filed their amended counterclaim and third-party complaint (docket # 61) pursuant to leave granted. Count 1 of the amended counterclaim alleged the same claim for reformation as was asserted in the original counterclaim. Count 2 of the amended pleading alleged the same claim for breach of contract as was alleged against Home Owners in the first counterclaim. Count 3 was new, asserting a claim of negligence against Home Owners and the Agency Defendants. The amended counterclaim and third-party complaint contained the first jury demand filed by any party in this case.

14.     On November 23, 2011, plaintiff filed its answer to the amended counterclaim. (docket # 62). No jury was demanded.

15.     On January 31, 2012, the Agency Defendants filed their answer to the third-party complaint, relying on defendants' jury demand.

16.     On February 24, 2012, the court issued an amended case management order (docket # 84), made necessary because of the appearance of the third-party defendants. The amended case management order identified the case as non-jury. No party objected.

17.     Five months later, on July 25, 2012, the parties filed a stipulation to amend the case management order, for the purpose of adjusting certain dates and deadlines. The stipulation requested an adjournment of the trial date, but did not request that the trial be by jury. The stipulation was signed by all counsel, including counsel for defendants.

18.     On July 30, 2012, the court entered an amendment to the case management order (docket # 148) pursuant to the stipulation of the parties. The amendment to the case management order reflected that the trial would be a "bench trial," as had the two previous case management orders.

19.     On August 2, 2012, defendants filed the present motion to amend the case management order to reflect that all issues would be tried to a jury. The motion ignored the history of this case and all issues regarding the timeliness of defendants' jury demand. It also ignored the question whether any of the claims in this case were triable to a jury as of right. The motion merely asserted a Seventh Amendment right to trial by jury, unvarnished by any analysis. Both plaintiff and defendant United States Department of Treasury opposed the motion. Plaintiff asserted that defendants had waived their right to trial by jury, except for the claims raised for the first time in the amended counterclaim and third-party complaint. Plaintiff also asserted that certain claims are not triable to a jury, because they are equitable in nature. The United States argued that the grant of a jury trial as to its claims would violate principles of sovereign immunity. The Agency Defendants have not responded to the motion. The Michigan Department of Treasury has been dismissed by

-6-

stipulation. After being ordered to do so (Order, docket # 157), defendants filed a reply brief, addressing for the first time the issues of timeliness, waiver, and amenability of the equitable claims to jury determination. (docket # 158).

### Discussion

The Seventh Amendment to the United States Constitution preserves the right to a jury trial in suits at common law. Rule 38(a) provides that the right of trial by jury as declared by the Seventh Amendment or as created by a statute of the United States "is preserved to the parties inviolate." The Seventh Amendment right to a jury trial is subject to both procedural and substantive conditions. Procedurally, a party must make a timely, written demand under Fed. R. Civ. P. 38(b) to preserve his right to a jury trial. "A party who desires trial by jury must file and serve a timely written demand for a jury trial as prescribed by Rule 38(b). Failure to make the required demand results in a waiver of the jury trial right." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2318 at 211-12 (3d ed. 2008); *see U.S. Leather, Inc. v. Mitchell Mfg. Grp., Inc.*, 276 F.3d 782, 790 (6th Cir. 2002). Substantively, the Seventh Amendment preserves the traditional distinction between those actions that would have been heard at common law, and are therefore triable to a jury, and those that would have been heard in equity, for which no right to a jury trial is preserved. *See Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996). Defendants' motion for a jury trial on all issues falters on procedural grounds, because defendants have clearly waived their right to jury trial on all claims asserted before the filing of their jury demand.

Rule 38(b) provides as follows:

-7-

    (b)    **Demand**.  On any issue triable of right by a jury, a party may demand a jury trial by:

        (1)    serving the other parties with a written demand -- which may be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served; and

        (2)    filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b).  Rule 38(d) expressly provides that a party "waives a jury trial unless its demand is properly served and filed."  The Supreme Court has long held that the Seventh Amendment right to a jury trial, like other constitutional rights, can be waived by failure to preserve it as required by the rules.  *See United States v. Moore*, 340 U.S. 616, 621 (1951).  Consequently, federal courts have enforced the waiver provisions of Rule 38(d) according to its terms.  *Id.*; *see Preferred Rx, Inc. v. American Prescription Plan, Inc.*, 46 F.3d 535, 548 (6th Cir. 1995).

        Examination of the record in this case shows that both plaintiff and defendants waived a trial by jury for all claims and defenses asserted in pleadings filed before November 8, 2011.  Plaintiff's original complaint was limited to a request for interpleader.  Interpleader is an equitable device for joinder of parties.  Often, however, the underlying claims involved are of a type that would have been tried at law to a jury.  *See generally* 9 WRIGHT & MILLER ¶ 2307 at 130-31.  Most federal courts recognize that when an equitable device such as interpleader is used to begin a case, the claimants nevertheless retain their right to trial by jury as to those claims for which a jury trial would have been available if the action had been brought in the law courts.  *Id.* at 133; *see Ross v. Bernhard*, 396 U.S. 531, 540 (1970).  This means that defendants, had they filed a timely jury

demand in connection with their original answer, could have preserved the right to a trial by jury on all claims so triable, but they did not.[1]

On the same day that defendants filed an answer, they also filed a counterclaim.  The counterclaim sought reformation of the insurance contract for mutual mistake and asserted a breach of contract claim against plaintiff, demanding money damages.  The claim for reformation was clearly equitable and not triable to a jury:

> We have rejected the assertion that the Seventh Amendment guarantees the right to a jury on a claim of mutual mistake seeking contractual reformation.  Such a reformation is an equitable decision made by the court, not the jury, and the parties are not entitled to a jury trial even where there is conflicting evidence of historical facts.

*Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1502 (5th Cir. 1992); *accord In re Commercial Money Center, Inc.*, No. 1:02-cv-16000, 2010 WL 2465251, at * 4 (N.D. Ohio June 14, 2010); *Giant Eagle v. Fed. Ins. Co.*, 884 F. Supp. 979, 985 (W.D. Pa. 1995) (reformation of insurance policy).  Defendants' claim for breach of contract, however, is clearly legal in nature and triable to a jury.  Thus, if either plaintiff or defendants desired a jury trial on defendants' claim for damages for breach of the insurance policy, they were required by Rule 38(b) to file and serve a jury demand "no later than 14 days after the last pleading directed to the issue."  FED. R. CIV. P. 38(b).  The last pleading directed to the issues raised in the counterclaim was plaintiff's answer to the

---

[1] The exception is the claim against the United States.  Congress has consented to suit on interpleader actions involving a lien held by the government on real estate. 28 U.S.C. § 2410(a)(5). All such claims, however, are triable to the court without a jury. 28 U.S.C. § 2402.  In waiving its sovereign immunity against suit, Congress conditioned the waiver on relinquishment of a jury trial. *See Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 333 (6th Cir. 2009) (when Congress has chosen to allow suit against the United States, a jury trial is allowed only when the statute provides for one in unambiguous terms).  In any event, no party filed a timely jury demand with regard to claims of or against the United States.

counterclaim, filed on August 8, 2011.  Fourteen days thereafter was August 22, 2011.  No party filed a jury demand.

On August 8, 2011, plaintiff filed a first amended complaint, for the first time asserting substantive defenses to the claim for insurance proceeds.  Count 1 is a claim for rescission on the basis of misrepresentation, and count 2 is a claim for unjust enrichment, seeking to recover the proceeds already paid to the Moffitts.  Both of these claims were triable to a jury.  The defense of fraud in an action to recover on an insurance policy has, for at least 100 years, been available in an action at law.  *See Enelow v. New York Life Ins. Co.*, 293 U.S. 379 (1935) (overruled on other grounds by *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988)); *Ettelson v. Metro. Life Ins. Co.*, 137 F.2d 62, 65 (3d Cir. 1943).  Therefore, the federal courts now uniformly hold that an insurer's fraud defense, whether raised in an answer, a counterclaim, or complaint for declaratory judgment, is triable to a jury, provided a timely jury demand is filed.  *See* 9 WRIGHT & MILLER ¶ 2311, at 154-55.  The claim for unjust enrichment would also have been triable to a jury. Under Michigan law, claims for unjust enrichment arise under a quasi-contract theory:  the law will imply a contract in order to prevent unjust enrichment when one party inequitably receives and retains a benefit from another.  *See Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 903 (Mich. Ct. App. 2006).  Such claims for recovery of money on a quasi-contract theory are legal in nature and are triable to a jury.  *See B & M Die Co. v. Ford Motor Co.*, 421 N.W.2d 620, 623-24 (Mich. Ct. App. 1988).  The last pleading directed to the issues raised for the first time in the amended complaint was defendants' answer, filed on August 23, 2011.  No jury was demanded in defendants' answer, or within fourteen days thereafter.

-10-

By the time the court scheduled its case management conference, the following claims between plaintiff and defendants had been pleaded:  defendants' claim for breach of contract to recover the insurance proceeds, defendants' equitable claim for reformation of the insurance policy, the insurance company's defense of misrepresentation, its defense of lack of insurable interest, and its quasi-contractual claim for unjust enrichment.  No party had requested a jury on any of these claims.  Furthermore, the parties specifically advised the court that:  "This case is to be tried to the court as trier of law and fact."  (Joint Status Report ¶ 2, docket # 27).  Thus, beyond the waiver of a trial by jury under Rule 38(d), the parties specifically opted for a non-jury trial on all claims then pleaded.  This written agreement of the parties was adopted by the court in its subsequent case management orders (docket #s 31, 84).  Such an agreement by the parties, filed in a formal court record and thereafter approved by the court, represents knowing and voluntary waiver of the right to trial by jury.  *See, e.g., Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir. 1981); *United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 693 (9th Cir. 1981); *Kahn v. Gen'l Motors Corp.*, 865 F. Supp. 210, 212 (S.D.N.Y. 1994).

The first jury demand in this matter was contained in defendants' amended counterclaim and third-party complaint, filed on November 8, 2011.  An amended or supplemental pleading "does not revive a right to jury trial previously waived on the issues already framed by the original pleadings."  9 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2320 at 245; *see Mega Life & Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1404 (11th Cir. 2009); *Guajardo v. Estelle*, 580 F.2d 748, 753 (5th Cir. 1978); *Walton v. Eaton Corp.*, 563 F.2d 66, 71-72 (3d Cir. 1977); *Olund v. Swarthout*, 459 F.2d 999, 1000 (6th Cir. 1972).  The right to trial by jury would only attach to "new issues" raised in the amended pleading.  *Mega Life & Health Ins.*, 585 F.3d at 1404.

*Id.* Defendants' amended counterclaim against the insurance company did not allege any new claim for relief.  Both the original counterclaim and the amended counterclaim seek reformation of the policy in count 1 and allege a breach of contract arising from the refusal to pay the full value of the loss in count 2.  Although the amended counterclaim alleges additional facts in support of these two claims, the essence of the claims remain unchanged.  (The Agency Defendants are mentioned in the caption of count 2, but the amended counterclaim does not allege the existence of a contract between defendants and the Agency Defendants, nor does count 2 seek any relief against the Agency Defendants.  I assume that their inclusion in the caption of count 2 is a mistake.)

The amended pleading does for the first time allege a negligence claim against the Agency Defendants, as well as against the insurance company itself, in count 3.  These are "new issues" to which the right to a jury trial attaches by reason of defendants' jury demand.  The jury demand did not, however, revive a right to trial by jury for the claims raised in previous pleadings, for which the right to jury trial had clearly been waived.

Analyzed in light of the facts of this case and the controlling law, defendants' arguments in favor of a jury trial on all issues are insubstantial.  Defendants first resort to dissembling.  They incorrectly suggest that the amended counterclaim was the first pleading in which they raised a breach of contract claim seeking the recovery of money.  This is demonstrably incorrect.  Defendants' original counterclaim (docket # 17) clearly alleges that the insurance company breached the contract by failing to pay the full value of the loss of property and other damage (¶ 13) and clearly demands the recovery of a money judgment (Wherefore Clause ¶ a at ID# 57).  The identical claim is raised in count 2 of the amended counterclaim.  Therefore, if defendants

wanted a jury trial on their claim for recovery of contract damages against the insurance company, they were required to demand a jury timely in connection with their original counterclaim.

Second, defendants make the frivolous argument that the other parties consented to a jury trial by agreeing to the filing of the amended counterclaim and third-party complaint, which contained a jury demand. Defendants cite no authority for this proposition, nor could they. Defendants were certainly entitled to demand a jury in connection with the claims raised for the first time in their amended counterclaim -- no party could have objected to that. But plaintiff's agreement to the mere filing of a jury demand was not tantamount to consent to a jury trial on claims for which a jury had been long waived.

Not content with one meritless argument, defendants also assert that the order allowing the filing of the amended pleading, containing a jury demand, is "*res judicata*" as to the right to trial by jury, even though the court adjudicated nothing of the sort. This argument, again unsupported by any authority, borders on sanctionable. By allowing the filing of an amended pleading, the court allowed the document to be placed in the record, but adjudicated nothing beyond that.

Finally, defendants' half-hearted and perfunctory request for an advisory jury merits little discussion. The decision whether to empanel an advisory jury under Fed. R. Civ. P. 39(c) is "completely discretionary" with the trial court. 9 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE ¶ 2335 at 351. The court's discretion on this issue is unreviewable. *Id.* at 352. The burden is on the party seeking an advisory jury to articulate reasons why an advisory jury would add to the fairness or efficiency of a case. *Key Equip. Fin., Inc. v. Poag & McEwen Lifestyle Ctrs, LLC*, No. 2:09-cv-2731, 2010 WL 2696195, at * 6 (W.D. Tenn. July 6, 2010). A party who presents no

authority or analysis supporting a request for advisory jury fails to meet this burden.  *See Hansen v. Safeway, Inc.*, No. C 10-377, 2010 WL 2593611, at * 3 (N.D. Cal. June 22, 2010); *see also U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, No. 3:10-cv-1842, 2012 WL 3034707, at * 6 (N.D. Tex. July 25, 2012).  In the present case, plaintiff and defendants affirmatively opted for a bench trial in their joint status report.  Thus, this is not an apt case for exercise of the court's discretion in favor of a clearly untimely and contradictory request for an advisory jury, which would just add complexity and possible confusion to the case.

### <u>Conclusion</u>

Defendants have clearly waived any right to trial by jury on any issue raised in the complaint, defendants' answer to the complaint, defendants' original counterclaim, or plaintiff's answer thereto.  Defendants' jury demand of November 8, 2011, preserved their right to a jury trial only on the negligence claim raised for the first time in count 3 of the amended counterclaim/third-party complaint, and the answers thereto.  Defendants' motion to amend the case management order will therefore be granted in part and denied in part.


Dated:   February 8, 2013                    /s/  Joseph G. Scoville
                                                        United States Magistrate Judge