UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOME OWNERS INSURANCE
COMPANY,

        Plaintiff,

                                    File No. 1:11-cv-517

v.

                                    HON. ROBERT HOLMES BELL

RONALD MOFFIT, et al.,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

        The Court has reviewed the parties' Proposed Final Pretrial Order (Dkt. No. 320), and found it to be unacceptable for the reasons that follow. The Court admonishes the parties that the issues in this case are fairly straightforward and can be fairly summarized as follows:

    **I.**      **Did Defendant Moffits make material misrepresentations on their March 2007 insurance application, such that the resulting insurance contract is void, relieving Plaintiff's obligation to perform under the contract?**

    **II.**     **If the contract is void, were Defendant Moffits unjustly enriched by Plaintiff?**

    **III.**    **If the contract was not void, did Plaintiff breach the contract by failing to pay insurance claims?**

The parties are ordered to revise their statements of controverted and uncontroverted facts and issues to conform to the above summary. The following deficiencies of the Proposed Final Pretrial Order must also be corrected.

## I.    EXHIBITS OFFERED BY PLAINTIFF

        Pages 2-3:  Paragraphs 8-14 relate to causation of the fire, which is not at issue

Pages 3-5: Paragraphs 20, 37, 38 , 47, and 48 relate to second trial

Defendants object to each and every exhibit, either because they are "unable to identify exhibit" or for "lack of foundation, not relevant, unpled claim or defense, no expert report filed, not a qualified expert, hearsay, failure to produce discovery." These objections must be more specific. Alternatively, to the extent the objections were addressed in the Court's September 30, 2013, Order (Dkt. No. 333), the objections should be deleted.

## II.    UNCONTROVERTED FACTS

Page 13:   Paragraph 32 should be deleted because it is duplicative of Paragraph 12. Paragraphs 25, 27, and 33 should be merged and the dollar values made to add up correctly.

## III.    CONTROVERTED FACTS

Page 14: Paragraph 2 contradicts Uncontroverted Fact 24. Paragraph 3 – assuming this is from Defendants, it is incongruous to argue no insurance policy issued when Defendants are counter-claiming for breach of that same insurance contract. Paragraph 4 relates to second trial. Paragraph 5 contradicts Uncontroverted Fact 11. Paragraphs 7-14  relates to unpled claim of fraud in the claims process and must be deleted.

Page 15: Paragraph 15 contradicts Uncontroverted Fact 11.

Page 16: Paragraph 17 contradicts Uncontroverted Fact 25-27. Paragraph 18 can be inferred from Uncontroverted Fact 11. Paragraph 19 relates to second trial.

Page 17: Paragraph 30 – third sentence seems related to another controversy.

Page 18: Paragraph 35 – this is a baseless assertion, as it is based on a line in a ledger of the Agency that mistakenly identified the "Company" to which the March 2007 application was sent as Citizens Insurance. The fact that a policy issued from Home Owners makes this contention

2

incongruous.

Page 19: Paragraph 45 relates to the second trial.

Pages 20-21: Paragraphs 51, 52, 54, 58-60 are mooted by this Court's September 30, 2013 Opinion and Order regarding Defendants' motions in limine and need to be rewritten. Paragraph 65 – it is unclear what the controversy is, as this paragraph is merely a paraphrase of the law.

## IV. WITNESSES

Page 24: Plaintiff objects to Jeffrey Harrold's inclusion as a lay witness. He is the CEO of Home Owners, and he is subject to a protective order (Dkt. No. 137). The Objection is **SUSTAINED**, and Mr. Harrold must be removed from the witness list

Page 25: Defendant objects to inclusion of expert witnesses who will testify to fire cause and origin. Cause is not at issue here. The Objection is **SUSTAINED**. Defendant also objects to Rebecca Hamilton, IRS Officer, as an expert because there has been no expert report. Ms. Hamilton is also a lay witness for the Governement. Defendant United States must clarify if she is to be called as a fact or expert witness.

## V. CONCLUSION

For the foregoing reasons, the Proposed Final Pretrial Order is not in condition for approval by this Court. Therefore,

**IT IS HEREBY ORDERED** that the parties are to submit a revised joint Final Pretrial Order Consistent with this Opinion by Tuesday, October 8, 2013. The parties are to remove any reference not specifically cited by this Court to the second trial in this case or to the unpled defense

3

-of fraud in the claims process. The parties are instructed to tailor their witness and exhibit lists only to the three issues identified above.


Dated: October 1, 2013                        /s/ Robert Holmes Bell_____
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE

4